No. 765

CAMPBELL (City) v. REPASKY

Ohio Appeals, 7th Dist., Mahoning Co.

No. 1209.   Decided Dec. 15, 1926.

**First Publication of this Opinion.**

Judges Pardee, Washburn and Funk, 9th Dist., sitting.

**118.   AUTOMIBILES—829.   Negligence—** Where driver of automobile is negligent and collides with pole, passenger, injured in collision, cannot recover from city except on proof that city was negligent in regard to location and maintenance of pole and that such negligence was direct and proximate cause of injury.

Error to Common Pleas.
Judgment reversed.

Joseph Julius, and Harrington, DeFord, Huxley & Smith, Youngstown, for City.

Benjamin F. Roth, Youngstown, for Repasky.

PARDEE, PJ.

Anna Repasky, a minor, brought an action against the City of Campbell and others, in the Mahoning Common Pleas to recover damages for injuries sustained when an automobile in which she was riding as a passenger, collided with a trolley pole, which, she claims, was within the legal limits of Wilson Ave., a public thoroughfare upon which the machine was travelling. The verdict was in favor of plaintiff, and judgment was entered thereon. The defendants other than the city were dismissed.

The trolley pole which was hit was approximately 18 or 20 inches south of the curb along the southerly side of the pavement; and said pole was used exclusively by the street car line to support its trolley wire.

Error was prosecuted, and the Court of Appeals held:

1. Although the plaintiff was not guilty of negligence, the driver of the car in which she was riding was guilty of negligence and it was incumbent upon plaintiff, before she could recover, to show that the city was negligent in regards to the location and maintenance of said pole within the legal limits of Wilson Ave., and that such negligence was the direct and proximate cause of the injury she suffered.

2. The city would not be liable if the pole was upon the private property of the traction company or if plaintiff failed to prove it was within the limits of said avenue.

3. The plaintiff did not prove by any direct testimony the exact location of the pole, and only by inference could it be claimed that she established the fact that its location was within the legal limits of said avenue.

4. Defendant offered testimony of two civil engineers to prove the exact location of the pole and that it was upon the private right of way of the East End Traction Co., the accident occurring where the street car tracks of

the Traction Co. leave Wilson Ave., and enter upon the private right of way of said Traction Co.

5. The finding of the jury that the pole was within the legal limits of Wilson Ave. is not sustained by the evidence set out in the bill of exceptions, and such finding, is, in fact, clearly against the weight of the evidence.

(Washburn and Funk, JJ., concur.)